# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Neil W.,**
**Petitioner Below, Petitioner**

**FILED**

**November 18, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 15-1244** (Ohio County 15-C-327)

**Patrick Mirandy, Warden,**
**St. Mary's Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Neil W.,[1] pro se, appeals the December 22, 2015, order of the Circuit Court of Ohio County denying his petition for a writ of habeas corpus. Respondent Patrick Mirandy, Warden, St. Mary's Correctional Center, by counsel David A. Stackpole, filed a response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 14, 1998, an Ohio County grand jury indicted petitioner on fifty-two counts relating to child sexual offenses. Specifically, the indictment included the following:

> Seventeen counts of sexual assault in the third degree; nineteen counts of sexual abuse in the third degree; seven counts of exhibiting obscene material to a minor; five counts of photographing a minor in sexually explicit conduct; three counts of

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

sexual abuse by a parent, guardian, or a custodian; and one count of sexual abuse in the first degree.

At a November 12, 1998, status hearing, the circuit court granted a request by petitioner's attorney that petitioner undergo a psychological evaluation to determine his competency.[2]

However, prior to any competency evaluation, the parties entered into a plea agreement at a November 17, 1998, hearing. Given the earlier request for such an evaluation, the circuit court questioned petitioner's attorney as to whether he believed that there was any reason that might prevent petitioner from entering into a plea agreement. Petitioner's attorney answered that he did not know of any such reason. Petitioner's attorney explained, as follows:

> I merely apprised the [c]ourt, the [p]rosecutor, and [petitioner] of the issue because I was familiar with [*State v. Hatfield*, 186 W.Va. 507, 413 S.E.2d 162 (1991),[3]] and I feel compelled, particularly in cases where the penalties are very serious, to make sure that the process is as perfect as possible. So[,] if the [c]ourt would, the [c]ourt should consider this being a paranoid, extra precaution on my part, rather than a real concern on my part.
>
> I can advise the [c]ourt that competency is not a real concern[.]

Accordingly, the circuit court continued with the plea hearing.

Pursuant to the parties' plea bargain, petitioner agreed to plead guilty to fourteen counts of the indictment, including twelve felonies and two misdemeanors. Specifically, petitioner pled guilty to eight counts of sexual assault in the third degree; one count of sexual abuse in the third degree; two counts of sexual abuse by a parent, guardian, or a custodian; one count of exhibiting obscene material to a minor; one count of sexual abuse in the first degree; and one count of photographing a minor in sexually explicit conduct. The State agreed to dismiss the remaining counts of the indictment.

---

[2]The circuit court's written order directing petitioner to undergo a competency evaluation was not entered until November 18, 1998, one day after the parties entered into a plea agreement at a November 17, 1998, hearing.

[3]*State v. Hatfield*, 186 W.Va. 507, 510, 413 S.E.2d 162, 165 (1991), is distinguishable from the instant case because, in *Hatfield*, there had been a psychological evaluation that found the defendant was incompetent to go to trial four and a half months before the acceptance of his guilty plea. However, this Court remanded the case with directions to more fully develop the record regarding the defendant's guilty plea given the circuit court's finding that the defendant regained competency by the time of his plea hearing. 186 W.Va. at 514, 413 S.E.2d at 169.

During its colloquy with petitioner, the circuit court asked petitioner if he was taking any medications. Petitioner responded that he was taking a prescribed synthetic thyroid medication. The circuit court inquired whether the medication had any effect on petitioner's ability to think clearly. Petitioner stated that he believed that the staff at the Northern Regional Jail had him on too low of a dosage for the medication to be completely effective. Petitioner felt that the lower dosage caused him to have a difficult time making split-second decisions. The circuit court further inquired of petitioner:

> [The Court]:    All right. After you've had an opportunity to think about something, are you then able to, after awhile [sic], make a decision that would be done clearly and voluntarily?
>
> [Petitioner]:    Comprehensively.
>
> [The Court]:    That's even better.
>
> [Petitioner]:    Yes.

However, petitioner reiterated that he felt that it could take him longer to make decisions. The circuit court consequently advised petitioner, as follows:

> [The Court]:    . . . [I]f you feel that you've not had enough time to think about [the plea agreement] because of this lower dosage or for any other reason, just let me know and I'll give you as much time as you want, sir.
>
> (Pause)
>
> [Petitioner]:    I would like to go with this [a]greement.
>
> [The Court]:    You would like to enter into this [a]greement and to proceed on with it, is that right sir?
>
> [Petitioner]:    Yes.

Accordingly, the circuit court allowed petitioner to enter guilty pleas to the fourteen counts. The circuit court accepted the guilty pleas and found that they were intelligently, knowingly, and voluntarily entered by petitioner on the basis of his plea colloquy.[4]

On December 7, 1998, petitioner filed a motion to withdraw his guilty pleas alleging that the incorrect dosage of his synthetic thyroid medication had "[a] significant effect on his ability to understand complex issues and make intelligent decisions on those issues." The circuit court held a hearing on December 30, 1998, at which petitioner and other witnesses testified. In addition to his

---

[4]*See Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975).

3

thyroid condition, petitioner stated that he also suffered from bradycardia which is a decreased heartrate. Petitioner testified that bradycardia caused him to have memory problems. Petitioner further testified that, following a search of his residence in July of 1998, he experienced suicidal ideation and attempted to act on it by taking a drug overdose. However, the State offered the testimony of petitioner's next door neighbor, Jean S., who visited with petitioner in jail two or three times following the November 17, 1998 plea hearing. Jean S. testified that petitioner's motivation in filing his motion to withdraw his guilty pleas was that "if he kept it up long enough, . . . they would reduce [his] sentence." Accordingly, the circuit court reaffirmed its earlier determination that the entry of petitioner's guilty pleas "was voluntary." By order entered January 8, 1999, the circuit court denied petitioner's motion to withdraw his guilty pleas.

On February 2, 1999, the circuit court sentenced petitioner to nine terms of one to five years; two terms of ten to twenty years; one term of ten years; one term of six months; and one term of ninety days. Some of the terms were to be served consecutively, and some were to be served concurrently. Subsequently, the circuit court re-sentenced petitioner, on August 26, 1999, for the purposes of appeal. On appeal, petitioner argued that the circuit court erred in accepting his guilty pleas. By order entered March 23, 2000, this Court refused petitioner's appeal in Case No. 00085.

Petitioner filed his first petition for a writ of habeas corpus on October 22, 2000. Subsequently, in a July 21, 2005, agreed order to correct sentence, the circuit court held that under the statute in effect at the time, the applicable sentence for sexual abuse by a parent, guardian, or a custodian was five to fifteen years. Thus, the circuit court found that petitioner had been sentenced to two illegal ex post facto terms of ten to twenty years under the current version of the statute for the two convictions for sexual abuse by a parent, guardian, or a custodian. The court re-sentenced petitioner to two five to fifteen terms on each of those counts, to be served consecutively to each other.

Petitioner filed the instant habeas petition—his sixth—on November 19, 2015, alleging that his guilty pleas were involuntarily and unknowingly entered. By order entered December 22, 2015, the circuit court found that petitioner's claim that he involuntarily and unknowingly entered his guilty pleas was fully and finally adjudicated in a prior proceeding. Accordingly, the circuit court denied petitioner's habeas petition.

Petitioner now appeals the circuit court's December 22, 2015, order denying his habeas petition. We apply the following standard of review in habeas appeals:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

On appeal, petitioner concedes that, in order to obtain habeas relief, he must show that an exception to the doctrine of res judicata, as enunciated by this Court in *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981), applies to his case. In syllabus point four of *Losh*, we held that a prior habeas proceeding is res judicata as to all matters raised and as to all matters known, or which with reasonable diligence could have been known, but that a habeas petitioner "may still petition the court on the following grounds: . . . a change in the law, favorable to the applicant, which may be applied retroactively." 166 W.Va. at 762-63, 277 S.E.2d at 608.

Petitioner contends that the decision of the United States District Court for the Southern District of West Virginia in *Hatfield v. Ballard*, 878 F.Supp.2d 633 (S.D. W.Va. 2012), represents a favorable change in the law. In *Hatfield*, the district court ordered the State of West Virginia to either discharge the petitioner from custody or to give him a new trial based on its finding that the State failed to provide him with a constitutionally adequate competency hearing. 878 F.Supp.2d at 659. Respondent asserts that *Hatfield* is distinguishable from petitioner's case. We agree and find that the claim raised in this appeal is not the same claim argued to the district court in *Hatfield*.

Regardless of petitioner's characterization of his claim, we find that his claim is not that he is entitled to habeas relief because of the lack of a competency hearing. Rather, petitioner asserts that he is entitled to habeas relief because the effects of two physical conditions caused him to be mentally slow at the November 17, 1998, plea hearing. This issue was addressed by the circuit court at both the plea hearing and the December 30, 1998, hearing on petitioner's motion to withdraw his guilty pleas. After presentation of testimony at each hearing, the circuit court found that petitioner's guilty pleas were intelligently, knowingly, and voluntarily entered. Given that the claim raised by petitioner was previously and finally adjudicated, we conclude that the circuit court did not abuse its discretion in denying petitioner's habeas petition.

For the foregoing reasons, we affirm the circuit court's December 22, 2015, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED**: November 18, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II